IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 8, 2008

## STATE OF TENNESSEE v. GREGORY DERRICK MANESS

**Appeal from the Circuit Court for Chester County**
**No. 06-381, 06-383, & 06-401    Donald Allen, Judge**

---

**No. W2007-00537-CCA-R3-CD  - Filed May 20, 2008**

---

The Appellant, Gregory Derrick Maness, appeals the sentencing decision of the Chester County Circuit Court ordering that his sentences be served in confinement. Following Maness' guilty pleas to the filing of a false report, a Class D felony, and to the misdemeanor crimes of domestic assault and theft, Maness received an effective four-year sentence in the Department of Correction. On appeal, Maness raises the sole issue of whether the trial court erred "by sentencing [him] to the Tennessee Department of Corrections [sic], rather than an available alternative to incarceration?" After review, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Chadwick G. Hunt, Savannah, Tennessee, for the Appellant, Gregory Derrick Maness.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Jerry Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

The Appellant was indicted by a Chester County grand jury for: (1) filing of a false police report; (2) domestic assault; and (3) felony theft. On November 29, 2006, the Appellant entered guilty pleas to Class D felony filing a false police report, Class A misdemeanor domestic assault, and Class A misdemeanor theft of property less than $500. The plea agreement provided that all the sentences were to be served concurrently but that the length of the respective sentences and the method and manner of service of the sentences were to be determined by the trial court. A sentencing hearing was held February 8, 2007.

The transcript of the guilty plea hearing is not included in the record. Little or no proof of the respective crimes detailing the Appellant's conduct was developed at the sentencing hearing. We glean from the presentence report the following facts.

The Appellant was charged with filing a false police report after he requested that an ex-girlfriend return a watch, which he had given her as a birthday gift. After refusing to return the watch, the Appellant advised the ex-girlfriend by "text message," on February 22, 2006, that if the watch was not returned, an arrest warrant would be issued. Five days later, the Appellant signed an affidavit of complaint charging the ex-girlfriend with unlawful entry into his residence on February 23, 2006, and felony theft of a Bulova watch valued at $575.00.

With regard to the domestic assault, the Appellant and the victim are the parents of a two-year-old daughter. In March 2006, the Appellant, while accompanied by the victim and their daughter, stopped the car in which they were riding, grabbed the victim by her hair, and pushed her out of the vehicle. The victim sustained cuts and scrapes on her body, and her clothing was torn. The Appellant drove away with their daughter. After pushing the victim out of the car, the Appellant retained the victim's purse. The victim informed the police of this fact and the likelihood that the Appellant would plant drugs in her purse. Upon delivering the purse to the police, the Appellant directed the officer to look into the victim's purse, at which time a "pill bottle" was found containing a "mixed amount of pills."

With regard to the theft charge, in May 2006, a Henderson police officer stopped a vehicle driven by the Appellant, which was towing a trailer which contained a Yamaha motorcycle. The Appellant stated that he had purchased the motorcycle approximately six months earlier at a flea market in Jackson. Further investigation established that the motorcycle, which was valued at $900, was stolen in May 2006.

The presentence report reflects no prior felony convictions, however, the Appellant has an extensive history of misdemeanor convictions. At the hearing, the Appellant testified that he is unemployed and receives Social Security disability for his "nerves."

After hearing the evidence presented, the trial court sentenced the Appellant to concurrent sentences of four years for filing a false report, eleven months and twenty-nine days for domestic assault, and eleven months and twenty-nine days for misdemeanor theft of property. The Appellant appeals the sentences imposed.

**Analysis**

On appeal, the Appellant frames his issue as "[w]hether the trial court erred or abused its discretion by sentencing [him] to the Tennessee Department of Corrections [sic], rather than an

available alternative to incarceration?"[1]  When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the court from which the appeal is taken are correct. T.C.A. § 40-35-401(d) (2006).  The burden is on the appealing party to show that the sentencing is improper.  T.C.A. § 40-35-401, Sentencing Comm'n Comments.  This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing, we may not disturb the sentence even if a different result was preferred. *State v. Ross*, 49 S.W.3d 833, 847 (Tenn. 2001).  The presumption does not apply to the legal conclusions reached by the trial court in sentencing a defendant or to the determinations made by the trial court that are predicated upon uncontroverted facts. *State v. Dean*, 76 S.W.3d 352, 377 (Tenn. Crim. App. 2001); *State v. Butler*, 900 S.W.3d 305, 311 (Tenn. Crim. App. 1994).  In conducting a *de novo* review of a sentence, we must consider: (1) any evidence received at the trial and/or sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancement factors; (6) any statements made by the defendant on his or her own behalf; and (7) the potential for rehabilitation or treatment.  T.C.A. § 40-35-210 (2006); *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001).

In support of his argument of entitlement to an alternative sentence, the Appellant asserts that because he was sentenced as a Range I offender for a Class D felony he "is presumed to be a favorable candidate for alternative sentencing options unless there is evidence to the contrary."  This argument is misplaced.  Sentencing in this case is governed by the 2005 sentencing amendments to the sentencing act which became effective June 7, 2005.  The 2005 amendment deleted the sentencing provision granting a defendant presumptive entitlement to an alternative sentence.  Under the 2005 amendment, the Range I offender "should be considered as a favorable candidate"; however, the presumption for favorable consideration no longer exists.  T.C.A. § 40-35-102(6) (2006).

In denying the Appellant an alternative sentence, the trial court found:

. . . [I]n this case, the Court finds that confinement is necessary to protect society from a defendant with a long history of criminal record.  As I've stated, you know,

---

[1]Additionally, the Appellant contends that his "sentence is excessive under the sentencing considerations set out in T.C.A. § 40-35-103" because the "Appellant sat before the Trial Court with a pre-sentence report indicating [the] Appellant had no prior felony record and a minimal misdemeanor record."  The sentencing considerations of subsection 103 primarily provide guidance to the trial court in determining whether a defendant's sentence will be served in confinement or in a non-incarcerative alternative program.  These considerations have only limited application in determining sentence length.  Accordingly, the Appellant's argument of an "excessive" sentence is unclear.  Nonetheless, because the Appellant's crimes occurred after June 7, 2005, sentencing is governed by the 2005 Amendments to the Sentencing Act, which provide that "a sentence may be appealed upon grounds that the sentence is excessive under the sentencing considerations of T.C.A. § 40-35-210." (Emphasis added).  T.C.A. § 40-35-401(b)(1),(2) (2006).  No reference to this statute is contained in the Appellant's argument, however.  As such, our review is limited to the issue as raised in the Appellant's brief. *See* Tenn. R. App. P. 27(a)(4).

a lot of this is traffic violations and I understand that, but nevertheless, it shows a total disregard of the laws of this state when a defendant continuously goes out and violates the law time after time after time. You know, on at least 29 different occasions, he's been convicted of [misdemeanor] offenses and continued to violate the law. He has violated - - at least seven or eight of the misdemeanors occurred while he was on probation already. So, the Court finds that he does have this long history of criminal record. The Court find that confinement in this case is necessary to avoid depreciating the seriousness of these three offenses.

. . . .

Also, the Court finds that measures less restrictive than confinement have recently been applied to [the Appellant] without success. Specifically, I'm talking about the fact that he has been placed on probation previously and has failed to obey the rules of probation. Even while he was out on bond in McNairy County, he committed three new offenses in Chester County, which, again, indicates to the Court that he is not a good candidate for probation. He simply will not follow the rules and he continues to violate the law time and time again.

The record amply supports the trial court's findings that confinement is necessary to protect society by restraining a defendant with a long history of criminal conduct and that measures less restrictive than confinement have frequently or recently been applied unsuccessfully to a defendant. The presentence report establishes the Appellant's lengthy history of criminal conduct and his continued violations of the law. The fact that the convictions are all misdemeanors does not detract from the volume of convictions and the Appellant's refusal to conform to the rules of society. Likewise, the report establishes that the Appellant has previously been granted non-incarcerative sentences and has failed to comply with the terms of release. Thus, we find no error in the trial court's determinations that sentences of incarceration were appropriate.

**CONCLUSION**

Based upon the foregoing, the sentencing decision of the Chester County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE